UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR COLEMAN, #117612

    Plaintiff,

v.

                        Civil No: 2:07-CV-11789
                        Honorable David M. Lawson
                        Magistrate Judge Steven D. Pepe

DAVID BERGH, et. al.,

    Defendants.

**FILED**
JUN 1 1 2007
CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

## ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff, Lamar Coleman, who is a prison inmate in the custody of the Michigan Department of Corrections (MDOC), has filed a civil rights complaint in this District pursuant to 42. U.S.C. §1983. He seeks injunctive relief, discovery and monetary damages based upon allegations that he has been threatened and assaulted by other inmates and prison guards in violation of U.S. Const. Am. VIII. Plaintiff is confined at Alger Maximum Correctional Facility in Alger County, which is in Munising, Michigan. He is bringing this action against the MDOC as well as against the warden and certain prison guards who are also employed with Alger Maximum Correctional Facility. In the present case, all of the actions complained of by the Plaintiff took place at the Alger Maximum Correctional Facility, which is located in the Northern Division of the Western District on Michigan.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones*, 895 F.2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. §1391. For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

other district or division where the action might have been brought. *See, United States v. P.J. Dick, Inc.* 79 F.Supp.2d 803 -06 (E.D. Mich. 2000)(Gadola, J); 28 U.S.C. §1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr*, 36 F.Supp.2d 267, 278 (D.S.C. 1999).

In this case, all of the "operative" facts took place at the Alger Maximum Correctional Facility, which is located in the Northern Division of the Western District of Michigan. See, *Pierce v. Coughlin*, 806 F.Supp. 426, 428 (S.D.N.Y. 1992). Plaintiff is also currently incarcerated in the Western District of Michigan. The Defendants as well as the witnesses and the files necessary to prosecute these claims are located in the Western District of Michigan; and the burden of transporting the Plaintiff to this judicial district would be significant. For these reasons, transfer of this action to the Northern Division of the Western District would be proper. *Welch v. Kelly*, 882 F.Supp.177, 180 (D.C.C. 1995).

Accordingly, the Clerk of Court **IS ORDERED** to transfer this case to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

DATED: 6/11/07

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

---

**CERTIFICATE OF MAILING**

I certify that a copy of this order was served upon petitioner on the date indicated below by first class mail.

6/11/07

Linda Estrada/Deputy Clerk

2